IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID R. ANDERSON, and H. ILENE ANDERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> OCWEN LOAN SERVICING, LLC, and AMERICAN MODERN INSURANCE GROUP, <br><br> Defendants. | 4:17CV3054 <br><br> ORDER |

Plaintiffs have filed a pro se complaint. Defendants have moved to strike or for a more definite statement, and to dismiss any claims by H. Ilene Anderson, deceased, (Filing Nos. 5 and 6); and Defendant American Modern Insurance Group's ("American Modern") has moved for a protective order, (Filing No. 10). Plaintiffs have not responded to the motions and the deadline for doing so has passed. The motions are deemed fully submitted.

1. <u>Motion to Dismiss</u>.

Defendants move to dismiss any claims by H. Ilene Anderson, explaining Plaintiff Hazel Ilene Anderson is not the real party in interest and lacks capacity to sue and David R. Anderson lacks capacity to sue on behalf of Hazel Ilene Anderson. David R. Anderson is not an attorney and he cannot represent the interests of any other individual in this court. Plaintiff Hazel Ilene Anderson is deceased, and any claims filed on her behalf must be filed by her estate through her personal representative and/or the person appointed by the probate court to pursue the claim. An estate, cannot litigate its action in this forum without

representation by licensed counsel.  Knoefler v. United Bank of Bismarck, 20 F.3d 347, 347-48 (8th Cir. 1994).  As such, the claims of Plaintiff Hazel Ilene Anderson will be dismissed unless an attorney timely enters an appearance on her behalf.

    2.    <u>Motion to Strike and/or Make More Definite and Certain</u>.

Defendants argue they cannot determine what Plaintiffs' complaint is alleging and against whom those claims are made.  Liberally construing the pro se complaint, (Haines v. Kerner, 404 U.S. 519 (1972)):

- Plaintiffs' first claim is against only Defendant Ocwen Loan Servicing, LLC, ("Ocwen") and alleges Ocwen improperly serviced a loan secured by a deed of trust on the property located at 7040 North Hampton Road, Lincoln, Nebraska (the "Property"); specifically alleging that Ocwen failed to properly apply payments and provide accurate pay off amounts; increased the interest rate on the loan without justification and in violation of its terms; improperly posted late fees to the account; and is threatening to foreclose without first providing a Notice of Default or Notice of Sale.

- Plaintiffs' second claim is against only Defendant American Modern and alleges American Modern breached an insurance contract with Plaintiffs by failing to provide insurance coverage for roof damage to the Property arising from a May 2016 hail storm.

- Plaintiffs' third claim does not allege a claim against either Defendant:  It appears to be denying affirmative defenses that Plaintiffs anticipate Defendants will raise in their respective answers.

The court will grant Defendants' motion to strike as to the "Third Cause of Action." It does not request relief of any kind and serves only to confuse the issues. As to first and second claims, striking the claims would be improper and there is no current need to make them more definite and certain.

3. <u>Motion for Protective Order</u>.

Plaintiffs served written discovery on Defendant American Modern before the state court Complaint was removed to this forum. Under the federal rules, discovery is premature at this time and Plaintiffs' written discovery will be stricken.

Accordingly,

IT IS ORDERED:

1) As to Defendants Motions, Filing Nos. 5 and 6:

   a) On or before June 30, 2017, the Estate of Plaintiff Hazel Ilene Anderson shall obtain the services of counsel and have that attorney file an appearance on its behalf, in the absence of which the court will dismiss the claims of Hazel Ilene Anderson without further notice.

   b) Allegations 1-4 of Plaintiff's "Third Cause of Action" are stricken.

   c) As to Plaintiffs' First and Second Causes of Action, Defendants' Motions to Strike and to Make More Definite and Certain are denied.

3

2) Defendants' deadline for answering or otherwise responding to Plaintiffs' complaint is stayed pending a determination of whether the Estate of Plaintiff Hazel Ilene Anderson is a party to this action and further order of the court.

3) Defendant American Modern Insurance Group's motion for a protective order, (Filing No. 10), is granted, and the written discovery served in the state court action is stricken.

4) The clerk shall mail a copy of this order to David R. Anderson, 7040 North Hampton Road, Lincoln, Nebraska 68506

June 9, 2017.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge